# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLENDA BRUNSON, | Case No. 2:19-cv-00917-RFB-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| SOCIAL SECURITY, | |
| Defendant. | |

This matter is before the Court on Plaintiff Glenda Brunson's second application to proceed *in forma pauperis* submitted on August 1, 2019. (ECF No. 5). The Court previously reviewed her first application and found it to be incomplete because out of eight sections, she only fully responded to one and partially to another. (ECF No. 4).

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, she must demonstrate that because of her poverty she cannot pay those costs and still provide herself with the necessities of life. *See Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he

"failed to verify his poverty adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. In particular, the Long Form requires comprehensive information regarding the applicant and his or her spouse's sources of income, employment history, bank accounts, assets, monthly expenses, age, and years of schooling among other things. As the name suggests, the Long Form requires more detailed information than the Short Form. The Court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate for determining whether the applicant qualifies for IFP status. Thus, when an applicant is specifically ordered to submit the Long Form, the correct form must be submitted and the applicant must provide all the information requested in the Long Form so that the Court is able to make a fact finding regarding the applicant's financial status.

Here, Plaintiff's has twice submitted an incomplete short form application. For example, Plaintiff fails to complete the section entitled gross pay or wages while indicating that she has no other assets or expenses. Without a complete application the Court is unable to assess Plaintiff's *in forma pauperis* status. The Court therefore will deny Plaintiff's second application to proceed *in forma pauperis* without prejudice. Plaintiff must properly complete a long form application to proceed *in forma pauperis*, or in the alternative, pay the full filing fee for this action. If Plaintiff chooses to file a new long form application to proceed *in forma pauperis*, then Plaintiff must file a complete application that answers each question presented on the form. The Court will retain plaintiff's complaint (ECF No. 1-1), but will not file it until the matter of the payment of the filing fee is resolved.

IT IS THEREFORE ORDERED that the Clerk of the Court must send Plaintiff a copy of the long form application (AO 239) (the "Long Form").

IT IS FURTHER ORDERED that by November 18, 2019, plaintiff must either: (1) file a completed long form application to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a)(1) and LSR 1-1; or (2) pay the full $400 fee for a civil action, which includes the $350

filing fee and the $50 administrative fee.  Plaintiff is advised that failure to timely comply with this order will result in a recommendation that this case be dismissed.

DATED: October 21, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE