UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLENDA BRUNSON, | Case No. 2:19-cv-00917-RFB-DJA |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| SOCIAL SECURITY, | |
| Defendant. | |

This matter is before the Court on Plaintiff Glenda Brunson's third application to proceed *in forma pauperis* submitted on October 29, 2019. (ECF No. 8). The Court previously reviewed her first application and found it to be incomplete because out of eight sections, she only fully responded to one and partially to another. (ECF No. 4). Then, the Court reviewed her second application and again found it to be incomplete because she failed to complete the section entitled gross pay or wages while indicating that she has no other assets or expenses. (ECF No. 7). She was directed to complete the Long Form application and the Court will now consider her Long Form application.

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, she must demonstrate that because of her poverty she cannot pay those costs and still provide herself with the necessities of life. *See Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to

make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. In particular, the Long Form requires comprehensive information regarding the applicant and his or her spouse's sources of income, employment history, bank accounts, assets, monthly expenses, age, and years of schooling among other things. As the name suggests, the Long Form requires more detailed information than the Short Form. The Court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate for determining whether the applicant qualifies for IFP status. Thus, when an applicant is specifically ordered to submit the Long Form, the correct form must be submitted and the applicant must provide all the information requested in the Long Form so that the Court is able to make a fact finding regarding the applicant's financial status.

Plaintiff has twice submitted an incomplete short form application. As a result, Plaintiff completed a long form application that indicates her income and expenses are $0, but that her income from her spouse is $1,397 per month and expenses for her spouse are $650. In determining whether to permit a plaintiff to proceed *in forma pauperis*, the Court evaluates the income and assets to which the plaintiff has access, including those of her spouse. *See, e.g., Flores v. Colvin*, 2014 U.S. Dist. LEXIS 93236, at *3-4 (D. Nev. May 22, 2014) (collecting cases); *Betten v. Berryhill*, 2018 U.S. Dist. LEXIS 56623 (D. Nev. April 3, 2018). "If the plaintiff is supported by [her] spouse, and [her] spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent [her] from gaining access to the courts." *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984). As her income from her spouse exceeds her expenses from her spouse, the Court finds that Plaintiff does not qualify for *in forma pauperis* status. Therefore, the Court will recommend that her application be denied.

1  The Court will retain plaintiff's complaint (ECF No. 1-1), but it will not expend resources to
2  screen it at this time given its recommendation that she pay the filing fee.

### RECOMMENDATION

IT IS THEREFORE RECOMMENDATION that Plaintiff Glenda Brunson's third application to proceed *in forma pauperis* be **denied**.

IT IS FURTHER RECOMMENDATION that plaintiff must pay the full $400 fee for a civil action, which includes the $350 filing fee and the $50 administrative fee, to proceed in this action.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 31, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE