UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRUNSON,

    Plaintiff,

v.

SOCIAL SECURITY,

    Defendants.

Case No. 2:19-cv-00917-RFB-DJA

**ORDER**

### I. INTRODUCTION

Before the Court is Defendant's Motion to Dismiss. ECF No. 15. For the reasons below, the Court grants the motion.

### II. PROCEDURAL BACKGROUND

Plaintiff filed her complaint *pro se* against the Defendant on May 30, 2019. ECF No. 1 On January 23, 2020, Defendant filed a motion to dismiss. ECF No. 15. Plaintiff requested an extension to file a response by March 9,2020, which this Court granted. ECF No. 18. Plaintiff never filed a response.

### III. FACTUAL ALLEGATIONS

Plaintiff Glenda Brunson alleges that Social Security Administration (the "SSA") caused the death of her daughter, Shonda Barrett, because her social security benefits were discontinued. Plaintiff alleges that Barrett was born with spina bifida and was issued social security benefits for her entire life. After the SSA terminated Barrett's benefits, she became homeless and died. Plaintiff

brings a wrongful death claim against the SSA and requests relief for $10,000 due to her daughter's wrongful death.

### IV.  LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 12(b)(1) authorizes a challenge based on lack of subject matter jurisdiction. A Rule 12(b)(1) jurisdictional attack may be facial or factual. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1038 (9th Cir. 2004). In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Id. The burden of establishing the subject matter jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994).

### V.  DISCUSSION

In its motion Defendant argues that this Court does not have federal jurisdiction over the SSA or Plaintiff's claim. Plaintiff failed to respond to Defendants motion or request additional time to respond. Therefore, the Court grants Defendant's motion. See Local Rule, LSR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion.").

The Court further finds that the facts alleged in the Complaint do not establish that this Court has jurisdiction over the SSA or Plaintiff's claim. In her Complaint, Plaintiff only names the SSA as the Defendant and brings a wrongful death claim for negligent termination of benefits. Given the allegations, neither the Federal Tort Claims Act ("FTCA") nor the Social Security Act provide a basis for jurisdiction.

The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA. Shelton v. United States Customs Service, 565 F.2d 1140, 1141 (9th Cir.1977) ("It is well established that federal agencies are not subject to suite unless so authorized by Congress in

explicit language."); <u>Safeway Portland Employees' Fed. Credit Union v. FDIC</u>, 506 F.2d 1213, 1215–16 (9th Cir.1974). Because Plaintiff only names the SSA, a federal agency, as the Defendant, this Court lacks jurisdiction over her claim against the SSA.

Also, the Social Security Act does not provide a basis for jurisdiction. An individual may obtain judicial review of any final decision made by the Commissioner of Social Security by commencing a civil action in District Court. 42 U.S.C. § 405(g). However, to obtain a final decision, the Plaintiff must first exhaust all administrative procedures set forth in the Social Security Acts; otherwise the District Court has no jurisdiction. <u>See Bass v. Soc. Sec. Admin</u>., 872 F.2d 832, 833 (9th Cir. 1989). Here, Plaintiff does not allege she is seeking review of the SSA benefits determination or that she completed the necessary exhaustive administrative steps to have a final decision subject to judicial review. <u>See</u> 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a)(1)-(5),416.1400(a)(1)-(5). Therefore, this Court still lack jurisdiction over Plaintiff's claim.

Given the reasons above, this Court grants Defendant's motion to dismiss.[1]

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 15) is GRANTED.

**IT IS FURTHER ORDERED** that this case is DISMISSED without prejudice. The Clerk is ordered to provide a copy of this order to Plaintiff and close this case.

DATED: October 22, 2020.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**

---

[1] Because this Court finds that it does not have subject matter jurisdiction, it does not reach the issue of whether Plaintiff timely filed her claim.